IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DEXTER JOHNSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO.2:08CV226-MPM-JAD

BOLIVAR COUNTY, MACK GRIMMETT
AND CHARLIE GRIFFIN                                                       DEFENDANTS

REPORT AND RECOMMENDATION

The defendants are Bolivar County, Mississippi, Mack Grimmett, the sheriff, and Charlie Griffin, one of his deputies. They have moved for summary judgment. The plaintiff, now represented by counsel, has responded with a motion to strike exhibits to the motion for summary judgment and a response in opposition.

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d

265(1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). *Little v. Liquid Air Corp.* at 1075.[1] "A dispute regarding a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## MOTION TO STRIKE

The plaintiff has moved to strike exhibits C, D and E offered in support of the defendants' motion for summary judgment asserting that the documents have not been properly authenticated and therefore have not been shown to be admissible. These exhibits are the plaintiff's medical request forms, medical, visitation and mail records. The defendants have responded that the record, including the plaintiff's deposition, provide ample evidence that the exhibits are genuine. Alternatively they have now provided an affidavit authenticating the documents. The motion to strike should be denied.

## EXCESSIVE FORCE CLAIM

Johnson alleges that Griffin used excessive force, striking him in the face on August 4, 2005, during Johnson's interrogation. The defendants seek dismissal of this claim on the grounds that it was filed after the expiration of the three-year statute of limitations. Johnson's lawsuit was dated on October 6, 2008 and filed in the court on October 16, 2008. It therefore appears that more than three years expired between the incident and the filing of this action. Section 1983 actions fall under Mississippi's general statute of limitations § 15-1-49 Miss. Code Ann., and must be filed within three years.

Johnson argues that he is entitled to equitable tolling of the statute of limitations. He argues that he was unaware of the availability of a § 1983 claim. Ignorance of the law is no

3

excuse and provides no basis for tolling the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Johnson also argues that he should be entitled to equitable tolling for the period of time during which he remained in the Bolivar County jail asserting that fear for his life prevented him from pursuing a claim. This argument lacks merit. Johnson was transferred to the custody of the Mississippi Department of Corrections nearly nine months prior to the expiration of the statute of limitations on the excessive force claim. This was more than enough time for a diligent litigant to have researched, drafted and filed a suit on that claim. That Johnson was represented by retained counsel while at the Bolivar County jail also weighs against allowing any equitable tolling. The claim for excessive use of force is in fact time barred. The defendants are entitled to summary judgment on this claim.

## DENIAL OF MEDICAL TREATMENT

Johnson also asserts that he was denied medical treatment for an abscessed tooth while housed in the Bolivar County Jail. The defendants seek summary judgment on this claim asserting that the plaintiff has admitted in his deposition that he in fact received treatment for the tooth, but simply takes exception to the timeliness of the treatment. The defendants assert that there is no evidence that any delay in treatment resulted in Johnson suffering any additional injury to his tooth.

Johnson's complaint sets out that he required surgery on his jaw but was denied medical attention for a period of six to seven months. Johnson was arrested on August 2, 2005 on murder and kidnapping charges. On August 4, 2005, Johnson alleges that Charlie Griffin broke his jaw and 'busted his tooth' resulting in the tooth becoming abscessed. Johnson's deposition testimony establishes the existence of several medical requests for conditions not related to his tooth

following his incarceration.  He was seen by a nurse each time.  Johnson claimed in his testimony that he needed and had requested medical treatment for his tooth either in September or October, 2005.  He was first seen by a dentist in January, 2006.  The tooth was extracted two months later by an oral surgeon.  Johnson claims the oral surgeon called several times but that the jail delayed the appointment.

Johnson has shown a bona fide dispute of fact regarding whether or not there was an unreasonable delay in providing him with treatment.  Just as Johnson may not bring an action for simple medical malpractice, he need not prove causation that the delay worsened his medical condition, as would be required in a medical negligence action. He is protected from the infliction of cruel and unusual punishment as an inmate, and from any punishment as a pretrial detainee.  Because Johnson was dependent on his custodians for his medical care, it was their responsibility to provide medical care in a timely manner.  The needless infliction of physical pain by unreasonable delay of medical treatment can be a cognizable deprivation without proof that the delay worsened the prognosis.  *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1977).

Unfortunately for Johnson while he has made out an otherwise triable issue for delay of medical treatment, he has not tied this claim for delay to any of the individual defendants.  He has not articulated or provided any proof of any policy of the Bolivar County jail that caused or contributed to that delay.  Because there is a complete failure of proof of one element of Johnson's claim, other disputes of fact are no longer material.  *Washington*, 839 F.2d at 1122. The defendants are entitled to summary judgment on this issue.

GENERAL JAIL CONDITIONS

Johnson includes a laundry list of complaints about conditions of confinement. His response largely concedes that he lacks the necessary proof on these claims and requests that discovery be re-opened. The court has been willing to extend the time for discovery, on application made during the discovery period, trial schedules permitting, unless the parties have been particularly dilatory. The standard is a generous one. Once the discovery period has closed, further discovery will not be allowed absent a showing of "good cause." Rule 26.1(b)(2) Uniform Local Rules of the United States District Courts for the Northern and Southern District of Mississippi. 'Good cause' will include an explanation of why the discovery *could not* have been completed during the discovery period, as opposed to excuses for why it was not completed. Generally 'good cause' will need to include an explanation of why the party seeking discovery could not have timely requested an extension of discovery time. The plaintiff fails to make the required showing of good cause and this request should be denied.

Johnson complains that he was denied the ability to exercise, but admitted in his deposition that he was allowed to exercise. His complaint is that he was only allowed to exercise every other day. This does not amount to a constitutional violation.

Johnson complained that certain visitors were not allowed in jail to see him. He admits that he received visitors, and the records show dozens of visits. Johnson complains that on a few occasions when his family came in from out-of-state they were not allowed to visit.[2] Visitation in jails is subject to the reasonable regulation by the sheriff because of the security concerns

---

[2] Johnson makes this allegation but does not provide an affidavit in support of his allegation. There is no indication that Johnson would have any personal knowledge regarding any family member being turned away but would instead have to be relying upon reports made to him which are inadmissible hearsay.

6

implicated in visitation. Johnson has not shown that any regulations were unreasonable or that any visitation was denied in violation of the regulations and practice of the jail. He has not shown a violation of his constitutional rights in this regard. See generally, *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed. 2d 64 (1987).

Johnson claims that he was placed in a holding cell during his first six months rather than being placed in general population. He admitted during his deposition that he was held in the holding cell because he refused to cut his hair. Long hair can and has in the past been used by inmates as a means of secreting contraband and weapons. The courts have upheld regulations requiring male inmates to keep their hair short because of security concerns, even in the face of a religious freedom challenge, not present in this case. *Cutter v. Wilkinson*, 544 U.S. 709, 723, 125 S.Ct. 2113, 2123, 116 L.Ed.2d 1020 (2005); *Diaz v. Collins*, 114 F. 3d 69(5th Cir. 1997) and *Thompson v. Scott*, 86 Fed. Appx 17 (5th Cir. 2004). While it is true that Johnson was not an inmate but a pretrial detainee during most of his stay at the Bolivar County jail, the security and hygiene concerns are the same. Johnson's rights were not violated by being placed in a holding cell until such time as he cut his hair.

Johnson claims he received some but not all of his personal mail. Initially it has to be noted that Johnson cannot be making this claim based upon his personal knowledge. The only way he would know that he had not received all of his mail is if someone advised him that they had sent mail which he failed to receive. Additionally he has failed to make any factual allegations or provide any proof against the individual defendants on the mail claim. He has failed to establish any policy or custom of the Bolivar County jail which caused or contributed to his alleged failure to receive all mail. Johnson has therefore failed to create a material dispute of

facts to support his claim. The defendants are entitled to judgment as a matter of law on this claim.

He claims that a suit he intended to wear to court for his trial was thrown away by jailers out of spite and hatred. The defendants assert that these claims are baseless; that they are not made against the individual defendants; and that there is no evidence to establish a policy or custom of the Bolivar County Jail which resulted in a constitutional deprivation. They are at least correct with regard to the two latter assertions. The defendants are entitled to summary judgment on this claim as well.

DEFAMATION

Johnson also brings a state law claim for defamation against the Bolivar County Sheriff Mack Grimmett. He complains that Grimmett told certain media outlets that he was a murderer before and during his criminal trial. He was convicted of murder on October 4, 2007. The allegedly slanderous statements were all made on or before the date of conviction. The defendants seek summary judgment because Johnson missed the one-year statute of limitations applicable to his defamation claim. § 15-1-35 Miss. Code. Ann. They also assert the defense that the statements are true as proven by Johnson's subsequent murder conviction.

Grimmett admittedly made statements calling Johnson a murderer before and during Johnson's trial. Johnson asserts that he is entitled equitable tolling of the statute of limitations. Even if the facts bore out Johnson's allegations that he was legitimately in fear for his life while at the Bolivar County jail, he would not be entitled equitable tolling as he did not pursue this action with diligence. *Alexander v. Cockrell*, 294 F.3d. 625 (2002). Even a four month delay precludes the application of equitable tolling. *Melancon v. Kaylo*, 259 F. 3d 401, 408 (5th Cir. 2001). Johnson allowed almost eleven months to pass between the time he left the Bolivar

County jail and the filing of this action. This part of the claim is due to be dismissed with prejudice as it was not timely filed.

Alternatively Grimmett is entitled to summary judgment because the statements made are the truth. The plaintiff makes a novel, but fallacious argument, that the statements can be considered slanderous as he had not been convicted at the time that the sheriff made them. Johnson was a murderer in fact when he killed his victim, before the sheriff made his statements. The result of his trial was that he became a *convicted* murderer and the truth of the sheriff's statements became incontestible. There are no bona fide disputes regarding the truthfulness of Grimmett's statements and he is therefore entitled to summary judgment as a matter of law on this claim.

## CONCLUSION

The undersigned recommends that the motion to strike the exhibits to the motion for summary judgment (Doc. 25) be denied; that the request to allow additional time/discovery included in the plaintiff's response to the motion for summary judgment be denied; that the defendants' motion for summary judgment (Doc. 19) be granted in full and the complaint dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions

accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 3rd day of November, 2009.

                                                        /s/ JERRY A. DAVIS
                                                   UNITED STATES MAGISTRATE JUDGE